## ABBY THOMPSON Admr., vs. ROBT. A. RUTHERFORD.

### SUPREME COURT, AUSTIN TERM, 1883.

1. *Practice—Evidence.*—Error in admission in evidence of certified copies of written documents is rendered immaterial by the introduction of the original documents themselves.

2. *Same—Case Stated.*—The original documents offered in evidence were over thirty years old at that time; they came from the proper custody, unclouded by suspicious circumstances, and it was shown that possession of the land had been taken and held under the location mode, by virtue of these instruments. *Held,* that no additional evidence of their executors was necessary, and they were admissible as ancient documents.

3. *Same.*—See the opinion *in extenso,* for exceptions, *held,* not supported by the record, and wherefore.

4. *Same—Decree.*—Article 1481, Pasc., Dig., provides that, "in all cases when the district or supreme courts shall decree a conveyance of real estate or the delivery of movable property or effects, they may, by decree, pass the title to such property, without any act to be done on the part of the defendant, when it shall be proper." See the opinion for a case in which such a decree was entered under such circumstances as to come within the provisions of the statute.

Appeal from the District Court of Travis County.

For a full statement of the case reference is made to the printed brief of appellant's counsel.

Opinion by Watts.

As the original certificate issued to Applegate and his transfer thereof to Crockeron were properly admitted as evidence, any error committed by the court in admitting the certified copies from the General Land Office of these instruments became immaterial.

These original papers were more than thirty years old at the time

the suit was brought and the trial had, they came from the proper custody, no circumstances of suspicion appears to have attended them, and it is shown that possession of the land has been taken and held under the location made by virtue of these instruments, no additional evidence of their execution was necessary, they were admissible as ancient instruments.

Appellant's objections to the field notes of this survey as returned to the General Land office are not supported by the record.

1. These field notes are authenticated by the official certificate of the surveyor, and are endorsed as recorded in his office.

With respect to the three thousand acres of land claimed by appellee under this location, it clearly and unmistakeably appears from the record, that the three years limitation had interposed an effectual bar to any recovery of the land by T. J. Chambers long prior to the date of his death.

Appellee shows title in himself of the four hundred acres of the Brook survey, by regular chain of transfers from the sovereignty of the soil, and that actual possession of the land was taken under that title as early as the summer of 1857, and that such possession has been continuous since that time. Hence appellee had secured title to the land by the three years limitation, before the Statute of limitations was suspended by the civil war.

The decree of partition in the suit of Wm. R. Redding against the surviving wife, heirs at law, and legatees of Robert L. Redding deceased, divested all right and title to the five hundred acres of land out of the Redding survey, out of these heirs and legatees, and vested the same in Wm. R. Redding. This decree of itself constituted sufficient evidence of title in Wm. R. Redding, and it was not necessary for appellee in making out his chain of transferes from the State to adduce other evidence as to this particular link. Art. 1481, Paschals Digest provides that "In all cases where the district or Supreme Courts shall decree a conveyance of real estate, or the delivery of movable property or effects, they may, by decree, pass the title of such property, without any act to be done on the part of the defendant, when it shall be proper."

It will be noticed that the decree under consideration by its terms purports to pass the title of the five hundred acres of land from these heirs and legatees to Wm. R. Redding, and that the decree was fully warranted by the above quoted section of the Statute.

Appellants do not pretend that the evidence of possession by appellee, of this five hundred acres of land, was not ample to sustain the plea of three years limitation. The record shows that the limitation had interposed an effectual bar in behalf of the appellee prior to the first day of January 1861.

In deraigning title to the other tract of four hundred acres on the Redding survey, appellee shows title in himself to five-sixths undivided interest in the same, the other one-sixth appears to be in one of the legatees.

To this chain of title it is object that the evidence disclose the fact that the land was the common property of Robt. L. Redding and his wife, and that therefore he could only vest title in one half of the land in his other legatees. This proposition is not maintainable.

By his will special bequests were made to the wife, and the remainder of the property including that in controversy was bequeathed to their children. From the record it may be presumed that Mrs. Redding had elected to and did take under the will. For it does not appear that she ever interposed any objection to it, and the appellants are not in a position to do so for her at this late date.

Clearly appellee had held and occupied this land for the legatees (who claimed the same under a regular chain of title) for more than three years prior to the first day of January 1861. And that, he had contniued to hold and occupy the same, since his purchase from the five legatees. This vested in him the superior title to the five-sixth undivided interest by limitation, and established a paramount outstanding title in his cotenant, the other legatee, for the remaining one-sixth interest.

In any event the appellant could not recover the land, for the reasons heretofore given, therefore the other errors assigned could not effect the result, and will not be considered.

From a view of the whole case we conclude that substantial justice was attained by the judgment and that it ought to be affirmed.

June 20 1883.

Report of Commissioners of Appeals examined, their opinion adopted and the judgement affirmed.

Willie J. C.